**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NICOLE BRYANT**, **SHUNTAY BROWN,** and **YOLANDA SEALE**, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. |
| Plaintiffs, | ) ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| vs. | ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| **RUSH UNIVERSITY MEDICAL CENTER**, | ) ) ) | |
| Defendant. | ) | |

Named Plaintiffs, Nicole Bryant, Yolanda Seale and Shuntay Brown ("Named Plaintiffs"), on behalf of themselves and others similarly situated, for their collective and class action Complaint against Defendant Rush University Medical Center ("Defendant"), state and allege as follows:

## INTRODUCTION

1. This case challenges certain policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

2. Named Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Named Plaintiffs bring this case on behalf of themselves and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b).

3. Named Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the IMWL and IWPCA on behalf themselves and of other similarly situated employees employed by Defendant in the State of Illinois.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 29 U.S.C. § 1391 because Defendant is domiciled in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A. Named Plaintiffs

7. Named Plaintiff Nicole Bryant is an adult individual residing in Gary, Indiana. Named Plaintiff's written Consent to Join this Action is attached as **Exhibit A**.

8. Named Plaintiff Nicole Bryant was employed by Defendant from approximately July 2007 to present, as an hourly, non-exempt employee. Specifically, Named Plaintiff was employed by Defendant as an hourly Environmental Specialist in the emergency department.

9. Named Plaintiff Yolanda Seale is an adult individual residing in Illinois. Named Plaintiff's written Consent to Join this Action is attached as **Exhibit B**.

10. Named Plaintiff Yolanda Seale was employed by Defendant from approximately January 2008 to April 2025, as an hourly, non-exempt employee. Specifically, Named Plaintiff was employed by Defendant as an hourly Senior Anesthesia Technician in the emergency department.

2

11. Named Plaintiff Shuntay Brown is an adult individual residing in Illinois. Named Plaintiff's written Consent to Join this Action is attached as **Exhibit C**.

12. Named Plaintiff Shuntay Brown was employed by Defendant from approximately September 1995 to July 2024, as an hourly, non-exempt employee. Specifically, Named Plaintiff was employed as an Environmental Technician in the operating department.

13. At all relevant times, Named Plaintiffs and other similarly situated employees were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e), the IMWL, 820 ILCS §105/3, and the IWPCA, 820 ILCS §115/2.

14. At all relevant times, Named Plaintiff and other similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendant**

15. Defendant Rush University Medical Center is a non-profit Illinois corporation with headquarters at 1620 W. Harrison Street, Chicago, Illinois 60612. Defendant can be served through its registered statutory agent: Carl Bergetz, 1725 West Harrison Street, Suite 364, Chicago, Illinois 60612.

16. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

17. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, in that it is as an institution primarily engaged in the operation of a hospital. 29 U.S.C. §§ 203(r)(2)(A), 203(s)(1)(B).

18. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS

**A. Defendant failed to pay Named Plaintiffs and those similarly situated for all time worked, resulting in unpaid overtime.**

19. At all relevant times, Defendant has operated hospitals and medical facilities throughout Illinois and Indiana.

20. Defendant employs hourly healthcare employees to provide various healthcare services.

21. At all relevant times, Named Plaintiffs and other similarly situated employees worked for Defendant as hourly, non-exempt healthcare employees.

22. At all relevant times, Named Plaintiffs and other similarly situated employees were required to wear hospital-issued scrubs or other sanitary clothing in order to perform work. Named Plaintiffs and other similarly situated employees were required to change into and out of the required scrubs or sanity clothing in the locker room located at Defendant's facility.

23. Named Plaintiffs and other similarly situated employees were required to arrive early to don their required scrubs or other sanitary clothing before their shifts and leave late to doff their required scrubs after their shifts.

24. Named Plaintiffs and other similarly situated employees were not paid any amount for this pre- and post-shift work and such time was not counted as hours worked for purposes of computing overtime.

25. Named Plaintiffs and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

26. There was no practical administrative difficulty in recording this unpaid work of Named Plaintiff and other similarly situated employees.

27. Defendant knew Named Plaintiffs and other similarly situated employees were working before and after their scheduled shifts without compensation.

4

28. This unpaid work performed by Named Plaintiffs and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

29. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiffs and other similarly situated employees. Named Plaintiffs and other similarly situated employees were hired to perform generalized nursing and environmental technician tasks in a hospital setting where infection prevention and the maintenance of a sanitary clinical environment are fundamental aspects of the work itself. Named Plaintiffs and similarly situated employees could not perform their duties in compliance with Defendant's policies, accepted standards of nursing practice, environmental standards, accreditation requirements, and infection-control protocols unless they first donned the required hospital-issued scrubs and sanitary clothing. Likewise, because Defendant required Named Plaintiffs and other similarly situated employees to remove and return those scrubs and sanitary clothing at the end of each shift as part of its procedures, doffing the scrubs constituted an integral component of Named Plaintiffs' and other similarly situated employees' principal work activities rather than a mere postliminary convenience.

30. Named Plaintiffs and other similarly situated employees routinely worked forty (40) or more hours per workweek for Defendant.

31. As a result of Named Plaintiffs and other similarly situated employees not being paid for the pre- and post-shift work described above, they were not paid overtime compensation for all hours worked over forty (40) each workweek, in violation of the FLSA.

32. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA.

33. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**B. Defendant failed to pay Named Plaintiffs and the Rule 23 Class Members for all time worked, resulting in unpaid overtime.**

34. At all relevant times, Named Plaintiffs and other similarly situated employees worked for Defendant as hourly, non-exempt healthcare employees in Illinois.

35. During their employment with Defendant, Named Plaintiffs and other similarly situated employees regularly worked forty (40) or more hours per workweek.

36. At all relevant times, Defendant maintained a timekeeping and payroll practice of not paying employees for all time worked. Pursuant to his practice, the actual time Named Plaintiffs and those similarly situated began work and ended work was not recorded or paid as hours worked; instead, Defendant failed to record and pay for all time worked when donning and doffing scrubs.

37. As a result of Defendant's practices described herein, Named Plaintiffs and other similarly situated employees were not paid for all time actually worked, including time worked before and after their shifts.

38. Under Illinois law, the time Named Plaintiffs and other similarly situated employees spent performing work before and after their shifts is compensable and should have been paid by Defendant. *See Johnson v. Amazon.com Services LLC,* 2026 IL 132016.

39. The Illinois Supreme Court in *Johnson v. Amazon.com Services LLC*, reiterated that the Illinois Department of Labor defined "hours worked" to include all time an employee is mandated to be on the premises.

40. Pursuant to the Illinois Supreme Court's decision in *Johnson v. Amazon.com Services LLC,* the unpaid donning and doffing Named Plaintiffs and other similarly situated employees performed at Defendant's facilities, along with unpaid walking and waiting time, was compensable work time.

41. As a result of Defendant's policy and practice, Defendant failed to pay Named Plaintiff and other similarly situated employees for all hours worked, including all hours worked in excess of forty (40) in a workweek at the rate of one and one half-times their properly calculated regular rate, in violation of the IMWL and IWPCA.

42. At all relevant times, Defendant was fully aware of the fact that it was legally required to pay for all working hours, including overtime compensation, by Illinois law.

43. Defendant knowingly and willfully engaged in the above-mentioned violations of Illinois law.

## Defendant's Recordkeeping Violations

44. The FLSA and state law, including Illinois law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. §211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; 820 ILCS 105/8, § 8.

45. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

46. Likewise, Illinois law requires employers to make and keep true and accurate records of the name, address and occupation of each of its employees, the rate of pay and amount paid each pay period to each employee, and the hours worked each day in each work week by each employee. *See* 820 ILCS 105/8, § 8.

47. Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

48. However, because of Defendant's policy of not paying for all compensable time described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day Named Plaintiff and other similarly situated employees.

49. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded compensable time worked. Defendant's failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

50. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA, the IMWL, and IWPCA, and violated the FLSA's and IMWL's recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS

51. Named Plaintiffs bring this action on her own benefit pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

52. The FLSA Collective members who are "similarly situated" to Named Plaintiffs for which Named Plaintiffs seeks to represent and for which Named Plaintiffs seeks the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff herself is a member, is composed of and defined as follows:

> **All current and former hourly, non-exempt healthcare employees of Defendant, including temporary employees as**

8

> **applicable, who were required to change into and out of sterile work clothing (e.g., scrubs) without pay, and who worked forty (40) or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint through the final disposition of this matter ("FLSA Collective Members").**

53. Named Plaintiffs and the FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

54. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiffs, numerous current and former employees are similarly situated with regard to their claims against Defendant. Named Plaintiffs are representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

55. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt healthcare employees, and all were subject to and injured by Defendant's unlawful practice of failing to pay Named Plaintiffs and others similarly situated an overtime premium of one and one-half times their regular rates for all hours that exceeded forty (40) in a workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

56. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## ILLINOIS CLASS ACTION ALLEGATIONS BROUGHT UNDER THE ILLINOIS MINIMUM WAGE LAW

57. Named Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Illinois, which are defined as:

9

**All current and former hourly, non-exempt healthcare employees of Defendant in Illinois, including temporary employees as applicable, who were subject to Defendant's rounding practices, and who worked forty (40) or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint through the final disposition of this matter ("Illinois Overtime Class" or "Illinois Overtime Class Members").**

58. The Illinois Overtime Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown, but is estimated to exceed forty (40) individuals. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant Illinois law.

59. There are questions of law or fact common to the Illinois Overtime Class Members including whether Defendant failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked, as well as all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly calculated regular rate as a result of Defendant's failure to compensate Named Plaintiffs and other similarly situated employees for time spent performing compensable pre- and post-shift work.

60. The questions of law or fact that are common to the Illinois Overtime Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Illinois Overtime Class Members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

61. Named Plaintiffs' claims are typical of the claims of the Illinois Overtime Class Members. Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Illinois Overtime Class Members.

10

62. Named Plaintiffs and the Illinois Overtime Class Members have all been injured in that they have not been timely compensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices described herein affected the Illinois Overtime Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Illinois Overtime Class.

63. Named Plaintiffs will fairly and adequately protect the interests of the Illinois Overtime Class. Named Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of the Illinois Overtime Class.

64. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the Illinois Overtime Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### ILLINOIS CLASS ACTION ALLEGATIONS BROUGHT UNDER THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

65. Named Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Illinois, which are defined as:

> **All current and former hourly, non-exempt healthcare employees of Defendant in Illinois, including temporary employees as applicable, who were subject to Defendant's rounding practices, and who worked forty (40) or more hours during any workweek at any time from ten (10) years preceding the filing of this Complaint through the final disposition of this matter ("Illinois IWPCA Class" or "Illinois IWPCA Class").**

11

66. The Illinois IWPCA Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown, but is estimated to exceed forty (40) individuals. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant Illinois law.

67. There are questions of law or fact common to the Illinois IWPCA Class Members including whether Defendant failed to timely pay non-exempt hourly employees, such as Named Plaintiffs and those similarly situated, for all hours worked, as well as all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly calculated regular rate as a result of Defendant's failure to compensate Named Plaintiffs and other similarly situated employees for time spent performing compensable pre- and post-shift work.

68. The questions of law or fact that are common to the Illinois IWPCA Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Illinois IWPCA Class Members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

69. Named Plaintiffs' claims are typical of the claims of the Illinois IWPCA Class Members. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Illinois IWPCA Class Members.

70. Named Plaintiffs and the Illinois IWPCA Class Members have all been injured in that they have not been timely compensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices described herein affected the Illinois

IWPCA Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Illinois IWPCA Class.

71. Named Plaintiffs will fairly and adequately protect the interests of the Illinois IWPCA Class. Named Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of the Illinois IWPCA Class.

72. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the Illinois IWPCA Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

73. The Illinois Overtime Class and the Illinois IWPCA Class will collectively be referred to as the "Illinois Classes".

## COUNT ONE
### (Fair Labor Standards Act Violations)

74. Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

75. Named Plaintiffs bring this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. § 216(b).

76. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) per workweek of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

77. As hourly non-exempt employees, Named Plaintiffs and the FLSA Collective Members were not paid for all time worked because Defendant failed to pay Named Plaintiffs and the FLSA Collective Members for work performed before and after their scheduled shifts.

78. Named Plaintiffs and the FLSA Collective Members were not paid lawful overtime compensation of one and one-half times their regular rates for hours worked in excess of forty (40) in a workweek, resulting in violations of the FLSA.

79. Named Plaintiffs and other similarly situated employees regularly worked forty (40) or more hours per workweek for Defendant.

80. Defendant's practice and policy of not paying Named Plaintiff and others similarly situated for compensable pre- and post-shift work performed resulted in Defendant's failure to pay Named Plaintiffs and the FLSA Collective Members overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

81. At all relevant times, Defendant knew it was required to pay Named Plaintiffs and the FLSA Collective Members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rates of pay.

82. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

83. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

84. As a result of Defendant's violations of the FLSA, Named Plaintiffs and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to

14

them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b

## COUNT TWO
### (Illinois Overtime Violations)

85. Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

86. Named Plaintiffs bring this claim for violation of the IMWL, on behalf of herself and all members of the Illinois Overtime Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

87. Named Plaintiffs and the Illinois Overtime Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the IMWL.

88. The IMWL requires employers to pay their employees minimum wages for all hours worked, and overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week. *See* 820 Ill. Comp. Stat. 105/4 and 4a.

89. Named Plaintiffs and the Illinois Overtime Class Members were not paid for all time worked because of Defendant's rounding practices, which excluded compensable pre- and post-shift work from Named Plaintiffs' and the Illinois Overtime Class Members' hours worked.

90. At all relevant times, Named Plaintiffs and the Illinois Overtime Class Members regularly worked forty (40) or more hours per workweek for Defendant.

91. Defendant's practice and policy of not paying Named Plaintiffs and the Illinois Overtime Class Members for all time worked resulted in Defendant's failure to pay Named Plaintiffs and the Illinois Overtime Class Members overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) per workweek.

15

92. Named Plaintiffs and the Illinois Overtime Class Members were not paid lawful overtime compensation of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek, resulting in violations of Illinois law.

93. At all relevant times, Defendant knew it was required to pay Named Plaintiffs and the Illinois Overtime Class Members for all hours worked, and all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

94. As a result of Defendant's policies and practices stated herein, Defendant failed to pay Named Plaintiffs and the Illinois Overtime Class Members all overtime compensation earned at a rate of not less than one and one-half times their regular rates of pay in violation of the IMWL.

95. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the IMWL.

96. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the Illinois Overtime Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

97. As a result of Defendant's violations of the IMWL, Named Plaintiffs and the Illinois Overtime Class Members were injured in that they did not receive all wages earned, including overtime compensation due to them pursuant to Illinois' wage and hour laws.

## COUNT THREE
### (Illinois Wage Payment and Collection Act Violations)

98. Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

99. The IWPCA, 820 ILCS 115/4, provides that "[a]ll wages earned by an employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned. All wages earned by an employee

16

during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

100. Named Plaintiffs bring this claim for violation of the IWPCA, on behalf of herself and all members of the Illinois IWPCA Class.

101. Named Plaintiffs and the Illinois IWPCA Class Members were not paid for all time worked because of Defendant's rounding practices, which excluded compensable pre- and post-shift work from Named Plaintiff's and the Illinois IWPCA Class Members' hours worked.

102. As a result of Defendant's policies and practices stated herein, Named Plaintiffs and the Illinois IWPCA Class Members were not timely paid all wages earned within the time periods required by the IWPCA. This resulted in Named Plaintiffs and the Illinois IWPCA Class Members not receiving all wages that they earned and were entitled to receive under Illinois law.

103. The exact total amount of overtime compensation that Defendant failed to pay Named Plaintiffs and the Illinois IWPCA Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

104. Defendant's failure to pay all wages due under the IWPCA to Named Plaintiffs and the Illinois IWPCA Class Members entitles them to the unpaid wages and "damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." IWPCA, 820 ILCS 115/14.

17

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiffs, individually and on behalf of others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiffs and the members of the Illinois Classes;

C. Enter judgment against Defendant and in favor of Named Plaintiffs, the FLSA Collective Members, and the members of the Illinois Classes;

D. Award Named Plaintiffs, the FLSA Collective Members, and the members of the Illinois Classes actual damages for unpaid wages, including overtime wages plus, as liquidated damages, all statutory penalties and enhancements permitted by law;

E. Award Named Plaintiffs, the FLSA Collective Members, and the members of the Illinois Classes pre-judgment and post-judgment interest at the statutory rate;

F. Award Named Plaintiffs, the FLSA Collective Members and the members of the Illinois Classes all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

G. Award Named Plaintiffs, the FLSA Collective Members, and the members of the Illinois Classes any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES LEGAL GROUP LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH Bar 0086195)
Jay E. Krasovec (OH Bar 0069787)*
Nicholas A. Boggs (OH Bar 0102430)*
700 W. St. Clair Ave., Suite 320
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
　　　 jkrasovec@ohlaborlaw.com
　　　 nboggs@ohlaborlaw.com

Hans A. Nilges (OH Bar 0076017)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

**Pro hac vice admission anticipated*

*Counsel for Named Plaintiff*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Named Plaintiff*

19